IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN A. FERDON, | Civ. No. 05-6254-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Kathryn Tassinari
Drew L. Johnson
1700 Valley River Drive, First Floor
Eugene, OR  97401
     Attorneys for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
     Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for supplement security income (SSI) benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On June 18, 2002, plaintiff applied for SSI benefits. Tr. 46-48. His application was denied initially, and he did not appeal. Tr. 25-26. Plaintiff reapplied for SSI benefits on October 30, 2003, and his application was denied initially and on reconsideration. Tr. 23-24, 42-45. After timely requesting a hearing, plaintiff, a treating physician, a lay witness, a medical expert, and a vocational expert appeared and testified before an administrative law judge (ALJ) on January 4, 2005. Tr. 377-424. On April 21, 2005, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 13-22. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final agency decision. Tr. 7-10. Plaintiff now seeks judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g).

Plaintiff was forty-nine old at the time of the administrative hearing, with a ninth-grade education and past work history as a store clerk and construction worker. Tr. 391-92. Plaintiff alleges disability since May 2001 due to osteoarthritis, degenerative disc disease, fibromyalgia, and anxiety and personality disorders. Tr. 91.

2   - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason

3   - OPINION AND ORDER

of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.  At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability.  Tr. 17; Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At steps two and three the ALJ found that plaintiff had "medically severe impairments" of osteoarthritis, degenerative disc disease, healed compression fracture of the spine, and fibromyalgia (along with non-severe impairments of depression, personality disorder and cannabis dependency), but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Tr. 18; Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 416.920(c) and (d).

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work.  In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment.  20 C.F.R. § 416.920(e), 416.945.  If the claimant cannot perform past relevant work, the inquiry proceeds to step five, where the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy.

4    - OPINION AND ORDER

Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(f).

Here, the ALJ found that plaintiff's RFC allowed him to perform a limited range of light work. Specifically, the ALJ found that plaintiff can lift twenty pounds occasionally and ten pounds frequently with occasional stooping and crawling, but that plaintiff had difficulty rotating his head and could not carry weight on his back. Tr. 21. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was able to perform his past relevant work as store cashier. Tr. 21; 20 C.F.R. § 416.920(e). Thus, the ALJ did not proceed to step five and found that plaintiff was not disabled within the meaning of the Act. Tr. 22.[1]

## DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, because the ALJ committed several legal errors in evaluating plaintiff's RFC.

### A. Evaluation of Plaintiff's Credibility

Plaintiff testified that he suffers from chronic pain in his back, with sharp pain between his shoulder blades and in his hips, knees, and ankles. Tr. 398. Plaintiff also testified that he suffers from depression and anxiety, which often cause severe diarrhea. Tr. 399-400. Plaintiff also claims severe headaches and lack of restorative sleep. Tr. 399, 401. Plaintiff testified that he lies down four or five times during the day and often his pain

---

[1] However, the ALJ considered additional limitations of needing to change positions frequently and the use of a cane. Tr. 21. While these limitations precluded plaintiff's past relevant work, the vocational expert identified other jobs existing in the national economy that could be performed. Tr. 21.

is so severe that he spends approximately one week out of every month in bed. Tr. 403-04. The ALJ found plaintiff's complaints not credible, primarily because of the lack of objective medical evidence supporting "serious medical incapacity" and the repeated references to exaggeration of physical symptoms. Tr. 20. The ALJ also noted possible secondary gain considerations and found that the possibility of malingering could not be ruled out. Tr. 21.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and no affirmative evidence of malingering exists, the ALJ must provide clear and convincing reasons for disregarding a claimant's subjective complaints. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id.

The ALJ found that the medical evidence did not support a serious medical incapacity. Tr. 20, 169-70, 176, 294, 296, 360. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). Here, Dr. Meyers, a treating physician, stated that plaintiff's

6    - OPINION AND ORDER

back pain was not disabling. Tr. 253, 257, 259-61. Further, the ALJ noted that two examining psychologists, Drs. Truhn and McConochie, opined that psychological testing revealed a tendency by plaintiff to exaggerate his symptoms. Tr. 186-87, 329-30. Further, the ALJ noted that plaintiff was possibly motivated by secondary gain. Tr. 21, 256, 328. While this is not necessarily evidence of malingering, it places plaintiff's credibility in question and the ALJ is entitled to rely on it. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) (where the evidence of record is subject to varying interpretations, the ALJ's findings are entitled to deference).

Thus, given the record as a whole, I find that the ALJ provided clear and convincing reasons to support his credibility findings.

B.  Opinions of Treating Physician and Examining Psychologist

Next, plaintiff argues that the ALJ improperly rejected the opinions of Dr. House, a treating physician, and Dr. McConochie, an examining psychologist. Dr. House opined in several letters that plaintiff was disabled and unable to perform gainful work activity. Tr. 285, 334. Dr. McConochie opined that plaintiff had marked limitations in several areas of social functioning and moderate limitations in concentration, persistence, or pace. Tr. 332.

The medical opinion of a claimant's treating physician is entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons

7    - OPINION AND ORDER

supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

The ALJ rejected the opinion of Dr. House, primarily because it was based on plaintiff's subjective complaints and limited clinical findings and failed to indicate specific examples of functional limitations. Tr. 19, 276, 279-82, 285-86. Because the ALJ did not err in discrediting plaintiff's testimony, I find no error in the rejection of Dr. House's opinion. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan, 169 F.3d 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Further, the ALJ is correct that Dr. House's clinical notes and letters of support do not specify plaintiff's limitations. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Further, the ALJ found that Dr. House had become an advocate for plaintiff. Tr. 19. Given Dr. House's letters in support of his claim for disability and her presence at the administrative hearing, the ALJ's finding is entitled to deference. Tr. 285, 334, 376. The ALJ noted that no other physician had found plaintiff

8    - OPINION AND ORDER

disabled, and another treating physician, Dr. Meyers, refused to support plaintiff's claim for disability because she did not find his back pain disabling. Tr. 253, 257, 261. Thus, I find that the ALJ's reasons for discounting Dr. House are specific and legitimate and supported by substantial evidence in the record.

Likewise, I find no error in the ALJ's evaluation of Dr. McConochie's opinion. Although Dr. McConochie found that plaintiff experienced episodes of decompensation, this finding apparently was based on plaintiff's arrests and incarceration rather than any psychological episode. Tr. 333. Moreover, Dr. McConochie's opinion was contradicted by Dr. Truhn, another examining psychologist, and Dr. Dragovitch, a non-examining medical expert. Tr. 181-87, 412-14. Dr. Truhn opined that plaintiff's major obstacles to employment were marijuana dependency and motivation. Tr. 187. Dr. Dragovitch reviewed the medical and psychological evidence and testified that plaintiff had only mild limitations. Tr. 409-10, 413. An ALJ may rely on a non-treating, non-examining medical expert's assessment as long as that opinion is "not contradicted by all other evidence in the record," is "consistent with other evidence," and does not constitute the sole evidence on which the ALJ relied in rejecting the treating physician's opinion. Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989).

Finally, the ALJ noted that both Drs. Truhn and McConochie opined that psychological testing revealed that plaintiff had a tendency to exaggerate his symptoms, thus placing his credibility in question. Tr. 186-87, 329-30. Therefore, I find that the ALJ provided legally sufficient reasons to discount the opinion of Dr. McConochie.

9    - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this  1  day of August, 2006.


            /s/ Ann Aiken
              Ann Aiken
    United States District Judge